[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Pitney Bowes Credit Corporation brings this action against the defendant Barbara H. Barry, d/b/a BHB Mailing Ins. The action arises out of claims by the plaintiff that the defendant failed to pay, when due certain rental payments and other sums under the lease and, as a result, a default occurred under the lease.
The defendant responds, by special defense, that the equipment did not operate properly or perform in the matter for which it was intended, therefore resulting in failure of consideration. In a third special defense it is claimed that the plaintiff failed to deliver the leased equipment in operating condition. In its by way of counterclaim the defendant alleges that "the plaintiff failed to disclose to the defendant that it acted independently of Pitney Bowes, the equipmentmanufacturer . . . ." (emphasis added).
The plaintiff moves to strike the special defenses and the counterclaim because it claims that the plaintiff's action is based upon a finance lease and under Connecticut law it claims that finance leases are not subject to the asserted special defenses.
The plaintiff cites, as authority, the case of EmleeEquipment Leasing Corporation v. Waterbury Transmission, Inc.,31 Conn. App. 455 (1993). It is specifically noted, however, that the Appellate Court did not determine that failure of consideration (first special defense) would not be an appropriate CT Page 13366 defense in an action of this nature. The Appellate Court declined to consider that issue on the procedural grounds that the issue was not raised distinctly by that defendant in the defendant's trial brief Emlee Equipment Leasing Corporation, supra, pp. 474, 475. This court knows of no authority to the effect that if a lessor delivers a useless product to a lessee the lessor will generally be absolved of the defense of failure of consideration. The question of whether the lessor is "strictly a financial entity" on the one hand or is a bona fide lessor in its own capacity or as the leasing conduit of the manufacturer, is a question of fact which cannot be resolved by this motion.
The defendant pleads, by way of second special defense, that the provisions of the lease concerning default, noncancelability, risk of loss or damage, equipment repair, are penal, unfair and unconscionable. The Appellate Court, in Emlee Equipment LeasingCorporation, supra, states as follows: "Given the context of a commercial finance lease involving parties of relatively equalbargaining power, we conclude that the provision here is not unconscionable." Emlee, supra, p. 468. Essentially, the question of "relatively equal bargaining power" is a question of fact, which the defendant vigorously contests both at oral argument and in her brief, claiming in essence that the defendant operates her business out of a barn a few steps from the back door of her home. The defendant further alleges that the provisions of this
printed contract are so onerous as to be unconscionable. These are questions of fact, both the bargaining power of the parties and the alleged oppressive nature of the contract. The Appellate Court does not, in Emlee, supra determine that "unconscionability" is never a defense to actions of this nature, but rather that the facts of that case inevitably led to that conclusion. See also footnote 25, p. 471, Emlee, supra.
The third special defense claims that the lease is void ab initio because the plaintiff failed to deliver the leased equipment in operating condition. Such defense is allied to the first special defense, failure of consideration, and may in some aspects be redundant. However, redundancy would not be a proper ground for a motion to strike.
As to the counterclaim, the defendant alleges that the various shortcomings alleged in the special defenses (noncancelability, risk of loss or damage, penal, equipment return and repairs, print so small as to be nearly unreadable) constitute a violation of CUTPA, General Statutes § 42-110a
CT Page 13367 et seq. The plaintiff's position appears to be that because it claims that the contract is enforceable as a matter of law, and that the special defenses are not viable as a matter of law, CUTPA would be inapplicable. The court having concluded that the special defenses are properly pleaded the plaintiff's argument fails on this account.
A motion to strike challenges the legal sufficiency of a pleading. This court must construe the allegations in a fashion most favorable to the pleader. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992). The motion to strike the special defenses and to strike the counterclaim is denied.
In determining this motion the court does not mean to imply that the defendant has no cause of action against Pitney Bowes, Inc. The plaintiff claims to have assigned the warranty rights which it may have against Pitney Bowes, Inc., the manufacturer, to the defendant lessee. Such assignments are permitted under the provisions of General Statutes § 42a-2-210.
L. Paul Sullivan, J.